IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**FREDERICK JENSEN,**

        Plaintiff,

        v.

**COSTCO WHOLESALE CORPORATION,**

        Defendant.

Case No. 6:22-cv-00479-AA

**OPINION & ORDER**

AIKEN, District Judge.

Plaintiff brings this negligence action against Defendant, Costco Wholesale Corporation ("Defendant" or "Costco") for personal injury allegedly caused by a shopping cart accident on Costco premises. *See generally* First Am. Compl., ECF No. 18 ("FAC"). Before the Court is Defendant's Motion for Summary Judgment ("MSJ") ECF No. 50. For the reasons explained, Defendant's motion is GRANTED. This case is DISMISSED. Judgment shall be entered accordingly.

## BACKGROUND

### I. Initial Complaint

Page 1 – OPINION & ORDER

The Court ordinally does not cite from a Complaint later amended, but it is helpful background for the discussion of evidentiary admissibility the Court addresses below. On February 28, 2022, Plaintiff filed a Complaint in the Circuit Court of Deschutes County, Oregon, and Defendant timely removed. ECF No. 1. Plaintiff alleged that on February 28, 2020, he was "struck in the chest one month after heart surgery by a long line of unrestrained shopping carts pushed by an employee of Costco." ECF No. 1, Ex. B at 1.

Plaintiff maintained that the Costco employee "lost control" of a long line of carts, and "gave [the carts] an extra hard shove to regain control," "unstoppably slamming [Plaintiff] in the chest." *Id*. at 2. After Plaintiff was "slammed by this train of carts, he [fell] onto the ground due to the sheer momentum" and "blacked out." *Id*. According to the initial Complaint, Costco employees "grabb[ed] [Plaintiff] by his arms and pulle[ed] him up, unknowingly breaking heart surgery protocol and putting stress on his already battered body." *Id*.

Plaintiff claimed the impact "displaced the [P]laintiff's chest, the metal plates, metal stitching and wiring from his heart surgery." *Id*. at 1. He asserted that "[t]he impact undid the stitches separating the right and left atrium of the heart." *Id*. Plaintiff described a series of intensive medical procedures and surgeries and other damages totaling $9,999,999.00. Plaintiff's deposition testimony is in accord with his description of the incident in the initial Complaint.

## II. Amended Complaint

Later, Plaintiff filed an Amended Complaint—the operative complaint—on May 20, 2022. Plaintiff alleges that when he went shopping at Costco, an employee was pushing "a line of shopping carts" when the employee "lost control of these shopping carts as he was pushing them around a corner." FAC ¶ 6. Plaintiff states that when he exited the store "he was struck on the left side of his body by the shopping carts." *Id*. ¶ 7. "The impact of this collision caused Plaintiff to make a sudden jerking movement which resulted in severe reaggravation of his chest wound from [a recent] open-heart surgery." *Id*.

Plaintiff maintains that Defendant was negligent in failing to maintain a proper lookout; maintain control of the carts; and oversee employee training and adherence to safety protocols. *Id*. ¶ 8. Plaintiff claims that as a result of Defendant's negligence, he suffered serious injuries. *Id*. ¶ 9. He alleges that the "stitching and plating that were installed during [his earlier heart surgery] were dislodged." *Id*. Plaintiff maintains that he has experienced ongoing cardiac issues which have disrupted his daily life and that he has incurred $404,000.00 in medical care, *id*. ¶10, and that he may require future medical care in the amount of $300,000.00. *Id*. ¶ 11. He also seeks noneconomic damages of $3,500,000.00. *Id*. ¶ 12.

### III. Motion for Summary Judgment

Defendant filed its Motion for Summary Judgment on November 28, 2023. With its motion, Defendant submits video evidence of the shopping cart incident. Pritchard Decl., Ex. A (Surveillance Video) ECF No. 51-1. The video presents a scene different from what Plaintiff describes. Surveillance shows Plaintiff exiting the store

while a Costco employee in a yellow vest, Carlos Lee, is organizing carts in the entryway. *Id*. Plaintiff is wearing what appears to be pants, long sleeves, and a vest. *Id*. He is shown exiting the store without a cart and with his hands in his vest pockets. *Id*. Plaintiff walks toward the exit. *Id*. Mr. Lee, who is directly in front of Plaintiff, walks a row of carts towards the left across the covered entrance area. *Id*. 00:00-00:02. With the line of carts fully stopped, Mr. Lee reaches to his right to grab a single stray cart. *Id*. 00:03-00:05.

Plaintiff walks toward Mr. Lee, who is facing away from Plaintiff, and Mr. Lee slowly pulls the single cart backwards. *Id*. 00:06-00:07. As Plaintiff approaches, the cart bumps Plaintiff in his left hip area. *Id*. 00:06-00:07. The cart brushes Plaintiff, who is seen moving his left hip slightly to the right in response. *Id*. Plaintiff pauses briefly as Mr. Lee reaches towards Plaintiff. *Id*. Plaintiff walked forward a few steps as Mr. Lee continues facing Plaintiff. *Id*. 00:08-00:25. Mr. Lee then moves the single cart again, and it becomes clearer in the video that one cart bumped Plaintiff's left hip. *Id*. 00:23-00:25. Plaintiff walks on a few more steps and the video ends. *Id*.

Defendant asserts that Plaintiff's allegation that an employee "lost control" of a row of carts which "colli[ded]" with him, FAC ¶¶ 6, 7, is blatantly contradicted by the video evidence and witness testimony, and that no reasonable juror could believe Plaintiff's version of events. MSJ at 8.

Defendant also cites to Plaintiff's deposition testimony, which recounts the allegations as stated in his initial complaint: that Defendant's employee "shoved" a row of carts into Plaintiff's "sternum," which knocked him out, and that employees

dragged him by his arm, dislodging stitching and medical plates. MSJ at 9. In Defendant's view, there is no genuine dispute of material fact, and this court must not adopt Plaintiff's implausible version of facts for purposes of ruling on this motion for summary judgment. MSJ at 8.

In response, Plaintiff does not dispute the authenticity of the video or Defendant's description of what the video shows. Plaintiff argues that the "management and moving" of shopping carts directly outside the exit of the store was a condition that created an unreasonable risk of harm. Plf. Resp. at 4. Plaintiff asserts that the management of the shopping carts was negligent, because the employee had his back to exiting patrons while he "pulled a row of shopping carts with inertia" into the walkway. *Id.* at 6.

Plaintiff provides the deposition of Mr. Lee, who managed the shopping cart in this incident. Cauble Dec., Ex. 6, Lee Dep., ECF No. 58-1 ("Lee Dep."). Mr. Lee, who was handling the cart, did not see the impact Plaintiff describes, but remembered turning around and seeing Plaintiff "holding his chest." Lee Dep. at 11:18-20. According to Mr. Lee, Plaintiff told him that he'd just had a triple bypass heart surgery. *Id.* at 11:22-24. Mr. Lee assisted Plaintiff to a bench just outside the foyer and called his manager. *Id.* at 16:1-5. Plaintiff's daughter, who was shopping with him, approached and also stated Plaintiff just had a triple bypass surgery, and Plaintiff left the premises with her. *Id.* at 16:5-16.

Plaintiff also provides his own declaration, in which he states that the shopping carts struck him and "left an indent on his sternum—bone, soft tissue, and

cartilage." Cauble Decl., Ex. 3 at 3. Plaintiff states that the video fails to show him falling to the ground and does not depict Mr. Lee and another employee picking him up by his arms. *Id*. at 4. Plaintiff points to Mr. Lee's deposition where Mr. Lee states he assisted Plaintiff to a bench. *Id*. Plaintiff then states that this "may have been a significant source of [his] injury," causing "the stitches in the upper chamber of [his] heart to rip out causing a hole." *Id*. at 3, 4.

Regarding the discrepancies Defendant points to in Plaintiff's testimony—where Plaintiff states he was struck in the sternum by rows of out of control carts—Plaintiff asserts that he was not able to review the surveillance footage until after his deposition. Plf. Resp. at 9. As such, Plaintiff explains that he recalled the events during deposition and in his declarations from his personal memory. *Id*. He argues, "The fact that an elderly Plaintiff struggled to remember the exact details of an event which caused him objectively tremendous pain, is not a showing of factual discrepancies in the Plaintiff's case, but more a showing of the impact that these injuries have had on the Plaintiff's general health and wellbeing." *Id*.

With his summary judgment motion, Plaintiff submits the expert opinion of Dr. Wayne Hurty. Cauble Decl. ¶ 3, ECF No. 58; Ex. 5, ECF No. 58-1 ("Expert Op."). Plaintiff argues that, regardless of his inability in his deposition to recall facts regarding the event in question, Plaintiff has established a genuine dispute of material fact regarding the alleged damages through the expert's opinion, and summary judgment should be denied. Plf. Resp. at 9.

## LEGAL STANDARDS

I. **Summary Judgment**

Summary judgment is appropriate if the pleadings, depositions, affidavits, answers to interrogatories, and the admissions on file show "there is no genuine dispute as to any material fact and the movant is entitled to judgement as a matter of law." Fed. R. Civ. P. 56. The moving party has the burden of establishing the absence of a genuine issue of material fact. *Id*. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A material fact is genuine if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 500 (9th Cir. 1992) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Conversely, "where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue for trial. *Hanon*, 976 F2d at 500 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts that show a genuine issue for trial. *Id*. at 324. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *Anderson,* 477 U.S. at 247-248.

II. **Contradictory Evidence; Video Evidence**

While evidence must be viewed in the light most favorable to the nonmoving party, there can be no true dispute of fact when the nonmoving party's evidence is "blatantly contradicted" by the video evidence. *Scott v. Harris*, 550 U.S. 372, 379

(2007). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott,* 550 U.S. 372, 380. Additionally, when the factual context makes the nonmoving party's claim "implausible," the nonmoving party must come forward with "more persuasive evidence to support [its] claim than would otherwise be necessary." *Matsushita*, 475 US at 587.

## III. Admissibility of Evidence; Expert Testimony

Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge ... ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the [non-movant's] position [is] insufficient...." *Anderson.*, 477 U.S. at 252, 255. Also, "[t]he evidence presented by the parties must be admissible." *Wady v. Provident Life & Accident Ins. Co. of Am.*, 216 F. Supp. 2d 1060, 1065 (C.D. Cal. 2002) (citing Fed. R. Civ. P. 56(e)).

Federal Rule of Evidence 702 governs the admissibility of expert testimony. It provides that a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

In *Daubert,* this Court held that Federal Rule of Evidence 702 imposes a special obligation upon a trial judge to "ensure that any and all scientific testimony ... is not only relevant, but reliable." 509 U.S. 579, 589 (1993). Under *Daubert* and its progeny, a district court's inquiry into admissibility is a flexible one. *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1043 (9th Cir. 2014).

## DISCUSSION

### I.  Admissibility of Dr. Hurty's Opinion

In its reply to Plaintiff's response, Defendant moves to strike Plaintiff's expert opinion. Def. Reply at 6. Dr. Hurty's opinion relied on Plaintiff's medical records and statements in which Plaintiff contends that, while he was at Costco, "an attendant of the store was moving carts. It would appear that the carts somehow got away from him. In any event, the carts struck him in the upper abdomen and lower chest." IME Report at 2, ECF No. 58-1. Plaintiff further told Dr. Hurty that "he ended up going down to the ground" and he was lifted from the ground by an attendant and another woman. *Id*. A medical record dated on the date of the incident—February 28, 2020— and relied upon by Dr. Hurty, states that Plaintiff "reports he was hit by 11 Costco carts that an employee of the store was moving and struck him in the sternal region." *Id*. at 4.

Dr. Hurty also relied on Plaintiff's cellular photographs of his sternum, which Plaintiff told Dr. Hurty were taken after the incident. *Id*. at 2. In his report of the

IME, which was conducted two years after the incident, on November 21, 2023, Dr. Hurty states that Plaintiff was "feeling well enough to be out and among the community and then suffered the injury as described on February 28, 2020. This is evidenced by the photographs I reviewed, the complaints listed by Mr. Jensen both during my evaluation and throughout the chart, are consistent with a sternal injury." *Id.* at 7.

Dr. Hurty's opinion thus relies on statements in accord with what Plaintiff initially alleged, but later amended once surveillance video was available to refresh his memory. Specifically, Dr. Hurty's opinion relies on Plaintiff's earlier recollection of events: that a row of out-of-control shopping carts slammed into Plaintiff's sternum because a Costco employee had failed to restrain the carts and had shoved them into Plaintiff. In Plaintiff's response, he concedes that he had some inability to clearly recall facts regarding the event. Plf. Resp. at 9. It is that shaky recollection Dr. Hurty apparently relied on, in conjunction with other medical reports.

The Court finds that Dr. Hurty's opinion is not based on reliable factual grounds. The grounds for Dr. Hurty's assessment on the cause of damage to Plaintiff's sternum have been flatly controverted by evidence in the record showing a single cart bumping Plaintiff's hip, rather than a row of carts slamming into his sternum.

Where such testimony's factual basis, data, principles, methods, or their application are called sufficiently into question, the Court must determine whether the testimony has "a reliable basis in the knowledge and experience of [the relevant]

discipline." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *see also Turpin v. Merrell Dow Pharmaceuticals, Inc.,* 959 F.2d 1349, 1350 (6th Cir. 1992) (holding that scientific evidence that provided foundation for expert testimony, viewed in the light most favorable to plaintiffs, was not sufficient to allow a jury to find it more probable than not that defendant caused plaintiff's injury), *cert. denied*, 506 U.S. 826 (1992). In accordance with Federal Rules of Civil Procedure 702(b), the Court excludes the testimony of Dr. Hurty because it is not based on sufficient, reliable facts.

## II.   Negligence Claim

Defendant asserts that a store employee moving a single cart into another rack of carts at a slow speed does not create an unreasonably dangerous condition, because any hazard arising from moving one cart would be known and understood by reasonable persons. MSJ at 6. Defendant contends that Plaintiff must show that Defendant created an unreasonable risk of harm to Plaintiff through its employee's movement of the carts. *Id*.

Defendant also states that Plaintiff has not produced evidence that Defendant's movement of the one cart and its slight bump on Plaintiff's left hip was a substantial factor in producing Plaintiff's cardiac injuries, including the dislodging of stitching and plating from Plaintiff's open-heart surgery. *Id*. at 8. In Defendant's view, no reasonable juror would accept Plaintiff's version of events to connect Defendant's purported negligence with the alleged harm of significant cardiac injuries. *Id*. at 8-9.

To establish a claim of negligence in Oregon, a plaintiff must prove that (1) the defendant's conduct caused a foreseeable risk of harm; (2) the risk is to an interest of a kind that the law protects against negligent invasion; (3) the defendant's conduct was unreasonable because of that risk; (4) the conduct was a cause of the plaintiff's harm; and (5) the plaintiff was within the class of persons and the plaintiff's injury was within the general type of potential incidents and injuries that made defendant's conduct negligent. *Son v. Ashland Cmty. Healthcare Servs.*, 239 Or. App. 495, 506, 244 P.3d 835 (2010).

### A. *Duty and Breach*

Here, Plaintiff's negligence claim is based on premises-liability. Land owners are in a "special relationship" with visitors meaning that any duty owed is different from the general duty owed under common-law negligence. *Rex v. Albertson's, Inc.*, 102 Or. App. 178, 180–81, *rev den.*, 310 Or. 422, 799 P.2d 151 (1990). The duty owed by a land owner is determined by the visitor's status at the time of the alleged incident. *See Settle v. Portland General Electric Co.,* 81 Or. App. 474, 477 (1986).

In Oregon, the three categories of visitor's status are: invitees, licensees, and trespassers. *See Rich v. Tite–Knot Pine Mill,* 245 Or. 185, 191–92 (1966). An invitee is a person who is invited to enter or remain on another's premises "for a purpose directly or indirectly connected with the business dealings" of the landowner, e.g., a customer of a store. *Parker v. Hult Lumber & Plywood Co.,* 260 Or. 1, 8 (1971).

The facts in this case are undisputed that Plaintiff was a customer of Costco on the day of the alleged incident, and therefore held the status of an invitee. A

property owner is liable to an invitee only for conditions that create an "unreasonable risk of harm" to the invitee. *Glorioso v. Ness,* 191 Or. App. 637, 643, *rev. denied,* 336 Or. 657 (2004). A property owner's duty to exercise reasonable care to make its premises reasonably safe includes not only a duty to "warn its patrons of latent dangers of which it is aware, but also [to] ascertain the condition of its premises and exercise reasonable care to protect its patrons from dangers foreseeable from the arrangement or use of the premises." *Yanzick v. Tawney,* 44 Or.App. 59, 62, *rev. denied,* 288 Or. 667 (1980).

Along those lines, a storekeeper owes to customers the duty to exercise ordinary care to keep the aisles and passageways of his or her establishment in a reasonably safe condition so as not to unnecessarily expose customers to danger from objects protruding into the aisles. *Bryant v. Sherm's Thunderbird Market,* 268 Or. 591, 596 (1974); *Miller v. Safeway Stores, Inc.,* 219 Or. 139, 153 (1959).

However, it is well established that no liability exists for injury to a customer resulting from a danger which is open and obvious. 40 A.L.R. 5th 135; *Gregory v. Kmart Corp.*, No. CIV. 05-1936-AA, 2007 WL 3408018, at *2 (D. Or. Nov. 15, 2007). An "open and obvious" hazard requires that the customer know or should know of the hazard and appreciate the danger caused by the hazard. *Id*.

Thus, the matter turns on whether, viewing the record most favorably to Plaintiff, a reasonable trier of fact could find that an employe collecting shopping carts in an area where patrons are exiting the store, presented an unreasonable risk of harm to plaintiff.

Plaintiff argues that there is inherent danger in "moving items which can carry inertia with [the employee's] back turned to patrons who are exiting the Defendant's facility. Resp. at 4. In Plaintiff's view, "management and moving shopping carts directly outside of the exit to the store, which was done by a store employee who had their back to the existing customers as they pushed and pulled rows of carts into the walkway, is a condition posing an unreasonable risk of harm. *Id*. at 5. Evidence in the record is that Plaintiff saw Mr. Lee managing and moving carts. Jensen Dep. Ex. C at 3, ECF No. 51-3. Defendant's evidence is that Mr. Lee was managing and moving carts in the area where carts are typically collected and slowly pulled a cart backward as Plaintiff walked into it. Plaintiff's evidence is also that he saw the shopping carts approaching.

The Court finds that those facts are legally insufficient to impose liability on Defendant for breach of duty. A worker collecting carts in a place where carts normally are collected and stored, in an area where patrons are exiting the store and walking toward the carts in plain view does not pose an unreasonable risk of harm giving rise to a concomitant duty to warn.

Plaintiff asserts that, if Defendant's employee "had been facing the oncoming patrons when placing carts in their aisles, the Defendant employee would have most likely seen the oncoming Plaintiff," and "would not have caused the carts to impact Plaintiff." However, a condition is not unreasonably dangerous if the hazard arising from it would be known and understood by reasonable persons expected to encounter the condition." *Maas v. Willer*, 203 Or App 124, 127 (2005). The condition here—

shopping carts and their movement by employees—would be a hazard known and understood by reasonable persons expected to encounter the condition at a grocery store such as Costco. *Id.*

Further, Oregon case law has firmly established that no liability exists for injury to a customer resulting from a hazard that is open and obvious. *Woolston v. Wells*, 297 Or 548, 558, 687 P2d 144 (1984) (holding that the invitee must exercise reasonable care in avoiding harm from a condition of the premises with consideration to the obviousness of the danger and the ease or difficulty with which harm could be avoided); *Garrison v. Deschutes County*, 334 Or 264, 279, 48 P3d 807 (2002) (plaintiffs were fully aware of obvious dangerous condition and warning sign would have made no difference).

In sum, the condition here is not unreasonably dangerous. Uncontroverted evidence in the record shows that Plaintiff was fully aware of the open and obvious condition of the movement of the carts and failed to exercise reasonable care. As seen on the surveillance video, Defendant's employee and the carts are in full view of any patron in the entryway of the store. Reasonable persons would expect to encounter shopping carts in and around a store, particularly a store like Costco with large box items, and would expect to encounter employees or other patrons moving shopping carts in and around a store. Plaintiff has failed to present evidence to the contrary. Therefore, Defendant's movement and management of shopping carts does not possess any of the additional characteristics necessary to present this issue to a jury.

### B. *Causation*

To the third element of negligence—causation—Plaintiff must plead and prove that defendant's conduct caused plaintiff's harm. Specifically, courts consider whether the defendant's conduct was a "substantial factor in producing plaintiff's injury." *Simpson v. Sisters of Charity of Providence in Oregon*, 284 Or. 547, 555 (1978). *See also Or Steel Mills, Inc. v. Coopers & Lybrand, LLP*, 336 Or. 329, 344 n 9 (2004). Causation becomes a question of law for the court to decide if no reasonable juror could connect the negligence to the harm. *Babler Bros., Inc. v. Pacific Intermountain Exp. Co.*, 244 Or 459, 464 (1966).

To overcome summary judgment, Plaintiff must also be able to show that Defendant's conduct caused his harm. Specifically, Plaintiff must show that Defendant's movement of the one cart and its bump on Plaintiff's left hip was a substantial factor in producing Plaintiff's cardiac injuries, including the dislodging of stitching and plating from Plaintiff's open-heart surgery.

The Court finds that no reasonable juror would accept Plaintiff's version of events to connect Defendant's purported negligence with the alleged harm of significant cardiac injuries. The uncontroverted surveillance video of the incident and the testimony of the Costco employee who moved the cart indisputably show that, contrary to Plaintiff's testimony and interrogatory responses: Plaintiff was not struck by a long line of carts; was not struck in the chest; was not struck by a row of carts at high speed; did not fall down to the ground in shock; and was not dragged by his arms back to his feet. Most importantly, the evidence is that Plaintiff was not touched by the cart in a bodily area or at a speed that any reasonable person or expert could

believe caused the dislodging of internal stitching and plating of the heart. Plaintiff's testimony is contradicted by the video evidence and witness testimony, and no reasonable juror could believe Plaintiff's version of events. As such, there is no *genuine* dispute of material fact sufficient to preclude Defendant's motion for summary judgment.

### III.   Propriety of Summary Judgment on Negligence Claim

The burden rests with the nonmoving party to produce evidence on any issue raised in the motion as to which the nonmoving party would have the burden of persuasion at trial. *Id.* In this case, Plaintiff, as the nonmoving party, has the burden of producing evidence on the elements of their claim, including that Defendant breached a duty of care as a business, to Plaintiff, an invitee, and caused Plaintiff's alleged injury. *Chapman v. Mayfield*, 358 Or. 196, 204–05 (2015).

Plaintiff has not produced evidence demonstrating that Defendant breached its duty in creating a condition which is unreasonably dangerous or that the single shopping cart could have caused his injury. *Evans v. McNutt*, 78 Or App 627, 629, 717 P2d 251 (1986). The trial court's screening role, when it is invoked, is to "determine whether upon the facts alleged or the evidence presented no reasonable factfinder could decide one or more elements of liability for one or the other party. *Chapman v. Mayfield*, 358 Or. 196, 205, 361 P.3d 566, 572 (2015). If the court finds that that the "scintilla of evidence" presented to support a position is insufficient to allow a reasonable juror to conclude that the position more likely than not is true, the

court remains free to direct a judgment, Fed. R. Civ. P. 50(a), and likewise to grant summary judgment.

## CONCLUSION

For the reasons explained above, Defendant's Motion for Summary Judgment is GRANTED.  This case is dismissed.  Judgment shall be entered accordingly.

It is so ORDERED and DATED this  22nd  day of July 2024.

      /s/Ann Aiken
ANN AIKEN
United States District Judge